UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **Rachel Fenton,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.: 2:23-cv-13 |
| | ) |
| **Stenger & Stenger, P.C.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Rachel Fenton, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Stenger & Stenger, P.C. (hereinafter referred to as "Defendant"), is a debt collection law firm operating from an address at 2618 East Paris Avenue SE, Grand Rapids, MI, 49546.

14. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

16. The Defendant is a debt collection law firm attempting to collect an alleged debt from Plaintiff.

17. The Plaintiff incurred an alleged debt that was primarily for personal, family or household purposes as defined by §1692(a)(5).

18. The alleged debt owed by Plaintiff went into default.

19. After the alleged debt went into default, the alleged debt was placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff disputes the alleged debt.

21. The Plaintiff requested that the Defendant cease all further communication on the alleged debt.

22. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

23. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

24. Prior to 2017, Plaintiff had an account with Credit One with account #***************0985 (hereinafter "the Credit One account"). *See* Exhibit "1" *attached hereto.*

25. Prior to 2017, Plaintiff defaulted on her Credit One Account.

26. In 2017, Midland Credit Management, Inc. (hereinafter "MCM") purchased the Credit One Account.

27. After MCM purchased the Credit One account, it attempted to collect the debt from Plaintiff.

28. On October 21, 2017, Plaintiff satisfied the Credit One Account with MCM. *See Exhibit "1" attached hereto.*

29. Sometime after October 21, 2017, MCM sold the Credit One Account to LVNV Funding, LLC. Sometime after October 21, 2017, Defendant began attempting to collect the alleged Credit One Account for LVNV Funding, LLC.

30. On or about February 25, 2019, Stenger & Stenger, acting on behalf of its client, LVNV Funding, LLC, filed a lawsuit against Rachel Fenton in an effort to collect the alleged Credit One Account. *See Exhibit "2" attached hereto*.

31. On October 17, 2019, Rachel Fenton attempted to resolve this matter without further litigation by sending a letter to the Putnam County Court in which she informed the Court and Stenger & Stenger that she had previously satisfied the alleged Credit One Account.

32. Upon information and belief, Stenger & Stenger received a copy of the letter that Rachel Fenton sent to the Putnam County Court which stated that she had satisfied the Credit One Account.

33. Rather than dismissing the debt collection lawsuit (because Stenger & Stenger had knowledge that the account had been satisfied), Stenger & Stenger filed a Motion for Summary Judgment on December 9, 2022, in an effort to collect on the Credit One Account (which had already been satisfied in 2017). *See Exhibit "2" attached hereto*.

34. In another effort to resolve this matter without resorting to further litigation, Joshua Fenton, the spouse of Rachel Fenton, called Stenger & Stenger on December 19, 2022, and spoke to one of Stenger & Stenger's employees. Joshua Fenton explained that the Credit One Account had been satisfied and the employee of the Stenger & Stenger responded by saying something to the effect of, "we would not be suing your wife if she did not owe the debt". *See Exhibit "3" attached hereto.*

35. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of Paragraphs 1 through 35 of the Complaint are realleged and incorporated herein by reference.
2. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.
3. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.
4. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.
5. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

### Second Claim for Relief:
### Civil Fraud

1. The allegations of Paragraphs 1 through 35 of the Complaint are realleged and incorporated herein by reference.
2. Defendant made a false representation that the Credit One Account had not been satisfied.
3. Defendant made this false representation intentionally and knowingly because Defendant intended to mislead the Plaintiff and the Putnam County Court.
4. Plaintiff and the Putnam County Court were misled by Defendant's actions.
5. Plaintiff suffered actual damages as a result of Defendant's conduct.
6. As a result of Defendant's wrongful conduct, Plaintiff is entitled to actual damages, punitive damages, and costs.

### Third Claim for Relief:
### Violation of Ind.Code 35-43-5-3

1. The allegations of Paragraphs 1 through 35 of the Complaint are realleged and incorporated herein by reference.
2. Defendant knowingly made a false or misleading written statement by filing the Motion for Summary Judgment in an attempt to collect a debt that Defendant knew had already been satisfied.
3. By filing the Motion for Summary Judgment in the state court action, Defendant intended to obtain money from Rachel Fenton.
4. Accordingly, Defendant violated Ind. Code 35-43-5-3.
5. By violating Ind.Code 35-43-5-3, Rachel Fenton is entitled to treble damages, costs of the action, and attorneys' fees under Ind. Code. 34-24-3-1.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp & Associates, PC
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
john@johnsteinkampandassociates.com